UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES H. LINN,

        Plaintiff,                               Civil No. 05-6214-HA

      v.                                   OPINION AND ORDER

JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

        Defendant.

HAGGERTY, Chief Judge:

        Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act

(the Act), seeking judicial review of a final decision of the Commissioner of the Social

1 - OPINION AND ORDER

Security Administration denying his application for Social Security Disability Insurance Benefits (DIB).

Plaintiff seeks an Order reversing the decision of the Commissioner and remanding this action for an award of benefits. For the reasons provided below, the Commissioner's decision is affirmed.

## ADMINISTRATIVE HISTORY

Plaintiff filed an application for DIB in October 2002, alleging a disability onset date of July 21, 2001. Administrative Record 52 (subsequent references to the Administrative Record will be designated by "AR" followed by the page number). The application was denied initially and upon reconsideration. An administrative hearing was held on February 5, 2004, and on April 16, 2004, the Administrative Law Judge (ALJ) issued a decision finding that plaintiff had severe impairments under the Act, but retained the residual functioning capacity (RFC) to perform medium-level work on a sustained basis. AR 22. Based on this finding, the ALJ concluded that plaintiff could perform his past relevant work and was not disabled. AR 22.

The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. 20 C.F.R. §§ 404.981, 422.210; *see also Russell v. Bowen*, 856 F.2d 81, 83-84 (9th Cir. 1988).

## STANDARDS

A person may be eligible for DIB if he or she has insured status under the Act and suffers from a physical or mental disability. 42 U.S.C. § 423(a)(1).

A claimant is disabled for purposes of the Act if he or she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to cause death or to last for a continuous period of at least twelve months.  42 U.S.C. § 423(d)(1)(A).  A person can be disabled for these purposes only if his or her impairment is so severe that he or she "is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for DIB payments.  20 C.F.R. § 404.1520; *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

First, the Commissioner determines whether the claimant is engaged in "substantial gainful activity."  If so, disability benefits are denied.  If not, the Commissioner proceeds to step two and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe."  20 C.F.R. § 404.1520(a).  If the claimant does not, disability benefits are denied.  20 C.F.R. § 404.1520(c).

If the claimant's impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to any of a number of impairments that the Commissioner acknowledges to be so severe that they are presumed to preclude substantial gainful activity.  20 C.F.R. § 404.1520(d).  These are listed in 20 C.F.R. Part 404, Subpart P,

Appendix 1. If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from performing work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. 20 C.F.R. §§ 404.1520(e).

If the claimant is unable to perform work which he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience. The claimant is entitled to disability benefits if he or she is not able to perform any other work. 20 C.F.R. §§ 404.1520(f).

The claimant bears the initial burden of establishing his or her disability. In the five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four. At step five, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her functional capacities and age, education and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for the purposes of awarding benefits under the Act. 20 C.F.R. §§ 404.1520(f)(1).

The Commissioner has an affirmative duty to develop the record. 20 C.F.R. §§ 404.1512(d); *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991). In this sense, the proceedings are not adversarial and the Commissioner shares the burden of proof with the claimant at all stages. *Id*.

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quotation and citation omitted). The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Id*.

The Commissioner's decision must be upheld even if "the evidence is susceptible to more than one rational interpretation." *Id*. (quotation and citation omitted). The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld even if the evidence would support either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003).

**FINDINGS**

At Step One, the ALJ found that plaintiff had not engaged in substantially gainful employment since the alleged disability onset date of July 21, 2001. AR 18. At Step Two, the ALJ found that plaintiff had severe medically determinable impairments including carpal

tunnel, tendinitis, and type II diabetes. AR 18. The ALJ determined that plaintiff's complaint of depression was not severe within the meaning of the Act. *Id.* At Step Three, the ALJ found that plaintiff's mental and physical impairments did not meet or equal any of the listed impairments. *Id.* The ALJ noted that plaintiff had the RFC for medium-level work activity on a sustained basis, without limitations. AR 22. Based on the foregoing, the ALJ determined at Step Four that plaintiff could return to his past relevant work as a check cashing store manager and security guard. *Id.*

## ANALYSIS

Plaintiff's medical history is set out thoroughly in the ALJ's ruling and need not be repeated here.

Plaintiff contends that the ALJ's finding that plaintiff could perform his past relevant work failed to follow Social Security Ruling 82-62 (SSR 82-62), which requires specific findings of fact as to the physical and mental demands of the past job or occupation. Plf.'s Opening Brief at 5.

In determining whether a claimant can return to past relevant work, the ALJ must make "appropriate findings to insure that the claimant really can perform his or her past relevant work." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001). The ALJ's ruling contained extensive findings regarding plaintiff's alleged limitations, the medical evidence in the record, and the limitations assessed by the ALJ. AR 18-21. After this detailed discussion of plaintiff's physical limitations, the ALJ concluded that plaintiff's past relevant work "did not require the performance of work-related activities precluded by the above limitations."

6 - OPINION AND ORDER

AR 22.  This finding is supported by substantial evidence, and therefore must be accepted by this court.

The ALJ also noted that plaintiff testified that for the year after his alleged onset date of disability, he could have performed his past work.  AR 21.  A claimant is a primary source of information regarding the physical and mental demands of past relevant work.  SSR 82-62.  Plaintiff described his job as a check cashing store manager as requiring lifting of up to fifty pounds and sitting/standing/walking for nine hours a day, indicating medium work.  AR 81.  He described his job as a security guard as requiring lifting up to ten pounds and sitting/standing for eight hours a day, indicating light work.  AR 84.

This court concludes that the ALJ properly found that plaintiff's RFC for medium work allowed him to perform his past relevant work as a check cashing manager and security guard.  This court has evaluated plaintiff's objections and has reviewed the entire record of this case.  The Commissioner's decision is upheld.

## CONCLUSION

For the foregoing reasons, the decision of the Commissioner is AFFIRMED pursuant to 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this __29___ day of August, 2006

                                                /s/ Ancer L.Haggerty
                                                 ANCER L. HAGGERTY
                                                 United States District Judge